# Birney's Appeal.

A. gave notice, at a sheriff's sale, of a leasehold interest in certain real estate, that the sale would be subject to his mechanic's lien, and thus became the purchaser at a low price. On distribution of the fund arising from said sale, *held* that in the absence of any explanation as to his conduct in giving said notice, that he should be held to the terms of the sale announced by himself, and should not be allowed to participate in the distribution, on his mechanic's lien.

October 29th, 1886. Before GORDON, TRUNKEY, STER-

[Birney's Appeal.]

RETT, GREEN and CLARK, JJ.   MERCUR, C. J., and PAXSON, J., absent.

APPEAL from the Court of Common Pleas No. 2 of *Allegheny county :* Of October Term 1886, No. 97.

Appeal of Thomas Birney from the decree of said court overruling his exceptions to and confirming the Auditor's report making distribution of the fund arising from the sale of the leasehold estate in certain real estate of William Davies Jr. & Co. This decree was assigned for error.

The facts of the case sufficiently appear in the opinion of the Supreme Court.

*Thomas Patterson (Isaac S. Van Voorhis* with him), for appellant.—This court, in Power *v.* Thorp, 92 Penn. St., 351, has said, " It would not do to allow a purchaser to control an official sale, make what representations he pleased, in order to cheapen the property, and then after he has obtained the property on his own terms and at his own price, permit him to shelter himself from his own fraud under the technical rules applicable to such sale.   Legal rules and precepts were not intended to furnish sheltering places for fraud, and he who buys property at an official sale, through a trick or misrepresentation, must not expect to hold it through the help of the courts : Buchannan *v.* Moore, 13 S. & R., 304 ; Miller *v.* Miller, 10 P. F. S., 16 ; McCaskey *v.* Graff, 11 Harris, 321 ; Waters *v.* Gernat, 1 Id., 515."

As was said in the case cited, Barker loses nothing ; he purchased all he bargained for, to wit, the property subject to the mechanics' lien aforesaid.

From Ziegler's Appeal, 11 Casey, 182, to the present, the doctrine has been established that by a clear understanding between the sheriff's officer and the purchaser, that certain liens are to be continued, it is competent for them to change the legal effects of the sale and continue liens that would otherwise be discharged.   The cases holding this are affirmed in Ashmead *v.* McCarther, 17 P. F. S., 327.

*A. H. Clarke ( C. C. Taylor* with him), for appellee.—A party is not estopped by an expression of an opinion upon a matter of law which is equally open to both parties : Dungan *v.* The American Life Insurance and Trust Company, 52 Pa. St., 253 ; Plummer and Jones' Appeal, 14 W. N. C., 313 ; Zeigler's Appeal, 11 Casey, 173.

Notice of a claim given at a sheriff's sale does not estop the party from claiming according to his legal rights : Stiles *v.* Bradford, 4 Rawle, 394 ; Rudolph's Appeal, 1 Pitts., 397.

An estoppel can only be pleaded by one who was adversely

affected by the Act which constitutes it : Cuttle *v.* Brockway, 32 Pa. St., 45.

No one can set up an estoppel who was not affected by the Act which constitutes the estoppel: Diller *v.* Brubaker, 56 Pa. St., 498.

Mr. Justice Sterrett delivered the opinion of the court, November, 8th, 1886.

Each of the parties to this contention was a creditor of William Davies, Jr. & Co., whose leasehold, sold by the sheriff, produced the fund in court for distribution. The appellant, Thomas Birney, had a judgment against the firm for over $3,000, to indemnify him as surety &c., and also a mechanics' lien for $185.56, against the rink erected on the leasehold. The appellee, W. S. Barker, had a mechanics' lien against same building for over $4,000. By virtue of an execution issued on Birney's judgment, the leasehold premises were levied on and finally sold to Barker for $1,500. When the property was first offered for sale Barker, by his counsel gave written notice that the purchaser would be required to pay in cash to the sheriff or to himself; and then bid the property up to $4,400. Birney bid $50 more, and adjourned the sale. When it was offered the second time, the notice was repeated. Barker bid $3,100; Birney bid $500 more, and again adjourned the sale. The third time it was offered, the notice was not repeated ; Barker bid $1,000, Birney bid $50 more, and then stayed his writ. At the fourth and last sale, on the *alias* writ, Barker's counsel in his presence gave notice " that the rink would be sold subject to his, Barker's, mechanic's lien "; and thereupon it was sold to him for $1,500, which sum, less costs, is the fund for distribution. This is substantially what occurred, as found by the Auditor, when the property was offered for sale by the sheriff.

In view of the notice given by Barker at the last sale, and his purchase of the property in pursuance thereof, appellant's contention is that he should not be permitted to participate in the distribution.

As found by the learned Auditor, it does not appear from the evidence what was the object of Barker's announcement that the property would be sold subject to his lien, or under what view of the law or facts it was made, or what effect, if any, it had on the sale. It cannot be doubted however that the obvious effect of the notice was to mislead or deter bidders, and thus lessen the price of the property, and we think the result shows that such was the case. When it was first offered for sale, Barker's bid, as we have seen, was $4,400. He says in his testimony; " At the first sale I bid either $4,400,

or $4,450. It was a *bona fide* bid. I would have paid the money in. The second time my bid was $3,500. I think Mr. VanVoorhis bid over me. I was prepared to take and pay the money. The third time I think my bid was $2,000. It was bid over me by Mr. VanVoorhis. He then stayed the writ. I was prepared to pay the money in on that bid." He denies, however, that the notice given at the last sale differed from the written notice given at the first and repeated at the second sale; but, the Auditor found otherwise, and it must now be accepted as true that his counsel, in his presence, did make the announcement found by the Auditor, and that appellee then and there became the purchaser of the property for $1,500, nearly $3,000 less than he bid and was prepared to pay for same at the first sale. The inference is neither strained nor unfair that this result was brought about, in great part at least, by the verbal announcement made at the last sale. If appellant, in making that announcement had any laudable object in view, it would have been in order for him to show it. In the absence of any explanation, it is not unreasonable to infer that his purpose was to secure the property at an under value, and then, to the detriment of the defendant in the execution, as well as his creditors, claim the greater part of the proceeds of sale as applicable to his own lien. To sanction such a transaction would be to encourage the practice of deception, trickery and fraud, of which there is already too much in judicial sales. As was said in Power *v.* Thorp, 92 Pa. St., 346, it will not do to allow a purchaser to control an official sale, make what representations he pleases in order to cheapen the property, and then, after he has obtained it on his own terms and at his own price, permit him to shelter himself from the consequences of his own fraud, under the technical rules applicable to judicial sales. In the face of his own announcement that the property would be sold subject to his lien, appellee became the purchaser thereof at a greatly reduced price—about one third of the sum he bid, and says he was prepared to pay at the first sale. Under these circumstances, and with no attempt to explain his conduct, there is no hardship in holding him to the terms of sale, officiously dictated by himself, with the view, doubtless, of gaining an undue personal advantage at the expense of others.

Decree reversed at the costs of appellee, and record remitted with instructions to distribute the fund in accordance with this opinion.